**3**
**LAW OFFICES OF GABRIEL LIBERMAN, APC**
Gabriel E. Liberman (SBN 303010)
Gabe@4851111.com
1545 River Park Drive, Suite 530
Sacramento, California 95815
Telephone: (916) 485-1111
Facsimile: (916) 485-1111

Attorney for U STREET, LLC

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>**U STREET, LLC**<br><br>                Debtor, | Case No. 2023-23504-C-11<br>DCN: UST-1<br><br>**DEBTOR'S RESPONSE TO THE MOTION OF THE UNITED STATES TRUSTEE, PURSUANT TO 11 U.S.C. § 1112(b) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017(f) AND 9014, TO CONVERT OR DISMISS CHAPTER 11 CASE**<br><br>Date:     October 10, 2024<br>Time:     11:00 a.m.<br>Dept :     C<br>Judge:    Honorable Christopher M. Klein |

     U STREET, LLC, the Debtor and Debtor-in-Possession (the "Debtor"), by and through their Attorney of Record, Gabriel E. Liberman, hereby submit its response to the U.S. Trustee's Motion to Dismiss Case/Convert under 11 U.S.C. § 1112(b); (Docket No.: 62), and Debtor respectfully states as follows:

     Debtor has determined that there is no advantage to creditors in having Debtor remain in the bankruptcy court, either under chapter 11 or chapter 7. Secured creditor, Anchor Loans, LP ("Anchor"), has voiced its frustrations with Debtor's delays to-date and lack of confidence and likely would impede

1

any attempt of Debtor in further prosecuting this case or proposing a plan of reorganization. Debtor's sole asset is an incomplete multi-unit residential structure on seven parcels of land in Sacramento (the "Property"). Debtor estimates that due to the current status of the Property, a sale would likely not yield sufficient funds to pay secured creditors, Sacramento County Tax Collector for real property taxes and Anchor's first deed of trust. Therefore, under a hypothetical chapter 7, the general unsecured creditors would yield 0%.

On the contrary, by staying in the bankruptcy the Creditors would be subject to additional administrative legal fees, costs and other expenses that might otherwise be used to pay their debts outside of a bankruptcy. To frustrate matters, the chapter 7 trustee would likely need to surcharge secured creditor's liens pursuant to Section 506(c) of the bankruptcy code to satisfy administrative fees to pay Debtor's two nominal unsecured claims owed to the Internal Revenue Service and Franchise Tax Board totaling $22,208.28[1].

Debtor is in the process of completing two of duplex units within the next thirty (30) days, with construction already re-started. Upon completion, Debtor will refinance both units through a debt service coverage ratio ("DSCR") loan facilitated by Livermore Mortgage. This would enable a paydown to Anchor of approximately $700,000. Livermore Mortgage has indicated that this financing would only be approved upon the exit of Debtor from bankruptcy. The other portion of Anchor's loan would be immediately refinanced with a construction loan around this same time.

Debtor is aware that this Court may preemptively predict an issue with dismissal, in that, since Debtor is a non-individual, it could simply turn around and refile another bankruptcy case without any restrictions or requirements to extend the automatic stay. <u>See</u> 11 U.S.C. Section 362(c)(3). To resolve this issue, Debtor would not oppose a 120 day bar from refiling another bankruptcy upon dismissal of the instant case.

---

[1] Internal Revenue Service – Proof of Claim 1-1 for $19,351.67
　Franchise Tax Board – Proof of Claim 3 for $2,856.61

2

## VIII. **CONCLUSION**

WHEREFORE, Debtor respectfully requests entry of an order dismissing the above chapter 11 case and would not oppose a 120-bar from Debtor refiling another bankruptcy case and such other and further relief as is just and proper.

Dated: September 26, 2024          LAW OFFICES OF GABRIEL E. LIBERMAN, APC

                                                  By:     */s/* Gabriel E. Liberman
                                                                               Gabriel E. Liberman
                                                                               Attorney for Debtor